**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| PHILIP G. YEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:08-cv-0194-SEB-WGH |
| | ) | |
| RICHARD LOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

Having considered the complaint and supplement of plaintiff Philip G. Yeary, and having also applied the applicable standard, the court finds that this action must be dismissed. This conclusion is based on the following facts and circumstances:

1. Yeary alleges that while incarcerated serving a sentence imposed following a criminal conviction the defendants "filed a malicious charge of invasion of privacy because they said they saw him dialing Anthony Sabo's number." The charge was eventually dismissed at the request of the prosecuting attorney. Yeary states that he was harmed by these charges because his family incurred attorney's fees. He seeks redress in the form of damages, naming as defendants Switzerland County Sheriff Richard Lock, the Switzerland County Superior Court, the Switzerland County Prosecutor's Office, the Switzerland County Sheriff's Department, and the Switzerland County Jail.

2. "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Because Yeary was a prisoner at the time this action was filed, the complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

       3.      It is evident from the complaint that Yeary's claim is brought pursuant to 42 U.S.C. § 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).

       4.      Yeary's claim is that the defendants subjected him to malicious prosecution. Malicious prosecution is actionable under § 1983 to the extent that a defendant's actions cause a plaintiff to be unreasonably "seized" without probable cause, in violation of the Fourth Amendment. *Pitt v. District of Columbia,* 491 F.3d 494, 511 (D.C.Cir. 2007). There was, in this case, no "seizure" of Yeary because he was already incarcerated and the charge was dismissed. The Seventh Circuit has explained that "the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Bielanski v. County of Kane,* 550 F.3d 632, 638 (7th Cir. 2008) (*citing Wallace v. City of Chicago*, 440 F.3d 421, 425, 429 (7th Cir. 2006); *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004)).

       5.      Without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). That is the situation here, and for the reasons explained herein dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 04/30/2009

                                                     SARAH EVANS BARKER, JUDGE
                                                     United States District Court
                                                     Southern District of Indiana